**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| ROBERT WATTS, on behalf of himself individually and all others similarly situated, | No. C 08-1236 SBA |
| Plaintiff, | **ORDER** |
| v. | [Docket No. 26] |
| ALLSTATE INDEMNITY CO., an Illinois corporation, *et al.*, | |
| Defendants. | |

For the following reasons, the Court orders plaintiff to provide a declaration answering certain questions regarding venue, within five days of the date of this Order's entry. On February 29, 2008, plaintiff filed a Complaint in this matter alleging breach of contract, bad faith, breach of the covenant of good faith and fair dealing, fraud and misrepresentation, unfair competition under section 17200 *et seq.* of the California Code of Business and Professions, and violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C. §§ 1961 *et seq. See* Docket No. 1 at 1, 17-24. Plaintiff alleges defendants refused to pay for the inspection or replacement of his seat belts or pretensioners after his vehicle was involved in a collision. *See id.* ¶¶ 37-46. Plaintiff seeks to proceed on behalf of himself and others similarly situated. *See id.* at 1.

In his Complaint, plaintiff alleges venue is proper in the Northern District because defendants do business in it. *Id.* ¶ 7. He further alleges a "substantial portion of the transactions and wrongs that are the subject of this Complaint . . . occurred in substantial part in the Northern District of California." *Id.* And, he alleges the "obligations and liability referenced in this Complaint arose in the Northern District of California and elsewhere in the country." *Id.* ¶ 8.

On April 30, 2008, defendants filed a motion to dismiss. *See* Docket No. 13 at 1 (the "Motion"). On June 17, 2008, the Court issued an Order denying the Motion, because defendants failed to meet and confer with plaintiff, as required by the Court's Standing Order for Civil Cases. *See* Docket No. 26 (the "Order").

In addition, the Court had noted the filed pleadings showed that during the time giving rise to this matter, plaintiff resided in Sacramento, California, and his insurance agent (also defendants' agent) was also located in Sacramento, California. *See* Mot., Ex. "A" at 1. The Court further noted plaintiff's counsel is located in Sacramento, California. *See* Compl. at 1. Thus, in an effort to clarify whether or not this matter was properly venued in the Northern District, in the Order, the Court directed that:

> Watts has ten days to file a venue declaration explaining his connection to the Northern District of California (the "Venue Declaration"). Specifically, Watts is to identify the locations of [1] the collision giving rise to this matter, [2] the subsequent service of the vehicle, and [3] "the failure to inspect and repair seat belts pretensioners."

Order at 2:11-14.

On June 27, 2008, plaintiff filed a Declaration of Jennifer B. Euler in Support of Venue in the Northern District (the "Declaration") [Docket No. 29]. In it, his counsel merely restates paragraphs from the Complaint, which indicate, without any specifics, that defendants do business in the Northern District. *See* Decl. Plaintiff's counsel *makes no attempt, however, to answer the three specific questions the Court put forth in the Order*. *See id.*

ACCORDINGLY, IT IS HEREBY ORDERED THAT plaintiff has **five** calendar days[1] from the date of entry of this Order to file a declaration answering the three questions stated above and posed in the Court's June 17, 2008 Order.

IT IS SO ORDERED.

July 2, 2008

                                        Saundra B Armstrong
                                        Saundra Brown Armstrong
                                        United States District Judge

---

[1] For counting purposes, Federal Rule of Civil Procedure 6(a)(2) shall *not* apply to this period.