1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

2

**OAKLAND DIVISION**

3

4

ROBERT WATTS, on behalf of himself
individually and all others similarly
situated,

No.  C 08-1236 SBA

**ORDER**

5

Plaintiff,

[Docket No. 34]

6

7

v.

8

ALLSTATE INDEMNITY CO., an
Illinois corporation, *et al.*,

9

Defendants.

10

_____

11        For the following reasons, the Court orders all parties to to file briefs of ten pages or less,

12   within seven days of the date of the entry of this Order, stating why the Court should or should not

13   transfer this matter to the Eastern District of California, under 28 U.S.C. § 1404(a).  Alternatively,

14   plaintiff may withdraw this matter and re-file it in the Eastern District.

15        On February 29, 2008, plaintiff filed a Complaint in this matter alleging breach of contract,

16   bad faith, breach of the covenant of good faith and fair dealing, fraud and misrepresentation, unfair

17   competition under section 17200 *et seq.* of the California Code of Business and Professions, and

18   violations of the Racketeer Influenced and Corrupt Organizations Act (RICO) under 18 U.S.C.

19   §§ 1961 *et seq.  See* Docket No. 1 at 1, 17-24.  Plaintiff alleges defendants refused to pay for the

20   inspection or replacement of his seat belts or pretensioners after his vehicle was involved in a

21   collision.  *See id.* ¶¶ 37-46.  Plaintiff seeks to proceed on behalf of himself and others similarly

22   situated.  *See id.* at 1.

23        In his Complaint, plaintiff alleges venue is proper in the Northern District because

24   defendants do business in it.  *Id.* ¶ 7.  He further alleges a "substantial portion of the transactions and

25   wrongs that are the subject of this Complaint . . . occurred in substantial part in the Northern District

26   of California."  *Id.*  And, he alleges the "obligations and liability referenced in this Complaint arose

27   in the Northern District of California and elsewhere in the country."  *Id.* ¶ 8.

28   ///

On April 30, 2008, defendants filed a motion to dismiss.  *See* Docket No. 13 at 1 (the "Motion").  On June 17, 2008, the Court issued an Order denying the Motion, because defendants failed to meet and confer with plaintiff, as required by the Court's Standing Order for Civil Cases.  *See* Docket No. 26 (the "Order").

In addition, the Court noted the filed pleadings showed that during the time giving rise to this matter, plaintiff resided in Sacramento, California, and his insurance agent (also defendants' agent) was also located in Sacramento, California.  *See* Mot., Ex. "A" at 1.  The Court further noted plaintiff's counsel is located in Sacramento, California.  *See* Compl. at 1.  Thus, in an effort to clarify whether or not this matter was properly venued in the Northern District, in the Order, the Court directed that:

> Watts has ten days to file a venue declaration explaining his connection to the Northern District of California (the "Venue Declaration").  Specifically, Watts is to identify the locations of [1] the collision giving rise to this matter, [2] the subsequent service of the vehicle, and [3] "the failure to inspect and repair seat belts pretensioners."

Order at 2:11-14.

On June 27, 2008, plaintiff filed a Declaration of Jennifer B. Euler in Support of Venue in the Northern District (the "Declaration") [Docket No. 29].  In it, his counsel merely restates paragraphs from the Complaint, which indicate, without any specifics, that defendants do business in the Northern District.  *See* Decl.  As a result, on July 2, 2008, the Court ordered plaintiff to file within five days a declaration answering the three questions from its June 17, 2008 Order.

On July 3, 2008, plaintiff re-filed his June 27, 2008 declaration, apparently in error.  *See* Docket No. 33.  This same day, he also filed a Second Declaration of Jennifer B. Euler in Support of Venue in the Northern District.  *See* Docket No. 34.  According to this declaration, on March 29, 2006, plaintiff's vehicle was involved in a collision in Sacramento, California.  *Id.* ¶ 3.  Afterwards, his vehicle was repaired at a body shop in Rancho Cordova, just east of Sacramento.  *Id.* ¶ 3.  Then, on October 11, 2007, an Allstate claims adjuster in Sacramento denied plaintiff's request to replace his seat belt tensioners.  *Id.* ¶¶ 5-6.

2

1    ACCORDINGLY, IT IS HEREBY ORDERED THAT as all the events giving rise to this

2  matter occurred in the Eastern District of California, all parties shall file briefs of ten pages or less,

3  within seven days of the date of the entry of this Order,[1] stating why the Court should or should not

4  transfer this matter to the Eastern District of California, under 28 U.S.C. § 1404(a).  Alternatively,

5  plaintiff may withdraw this matter and re-file it in the Eastern District.

6

7    IT IS SO ORDERED.

8

9   July 14, 2008                                    _Saundra B Armstrong_____
                                                          Saundra Brown Armstrong
                                                          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
_____

[1]    For counting purposes, Federal Rule of Civil Procedure 6(a)(2) shall *not* apply to this period.