IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WATTS, on behalf of himself individually and all others similarly situated,<br><br>    Plaintiff,<br><br>  vs.<br><br>ALLSTATE INDEMNITY CO., an Illinois corporation, et al.,<br><br>    Defendants.<br>_____/ | No. 2:08-cv-01877 LKK KJN<br><br><br><br><br><br><br><br>ORDER |

Presently before this court is defendants Allstate Insurance Company, Allstate Indemnity Company and Allstate Property & Casualty Company (collectively "Defendants" or "Allstate")'s motion to compel production of seatbelts, seatbelt components and seatbelt parts from plaintiff Robert Watts ("plaintiff")'s 2005 Honda Civic, which he contends required replacement as a result of a March 29, 2006 automobile accident. The parties appeared before the undersigned for oral argument on July 29, 2010 at 10:00 a.m. Attorney Sonia Martin appeared on behalf of Allstate. Attorney Wendy York appeared on behalf of plaintiff. After careful consideration of all of the papers filed in support of and in opposition to this motion, the authorities cited therein, and following oral argument, this motion will be granted for the reasons

1

stated at the hearing and as set forth below.

I. BACKGROUND

    A. Procedural History

Plaintiff Robert Watts allegedly had an automobile insurance policy with one or more of the defendants. (Dkt. No. 79.) His car was involved in an automobile accident, after which he requested that Allstate replace the seatbelts and associated mechanisms. (Id.) Defendants allegedly refused to pay for these costs or to engage in related accommodating actions. Plaintiff then filed a putative class action against Allstate. (Id., Dkt. No. 67.) The operative pleading is plaintiff's second amended complaint, filed April 20, 2009, save for the sixth cause of action which this court dismissed on July 1, 2009. (Dkt. Nos. 67, 79.) The putative class action complaint asserts claims for relief for breach of contract, insurance bad faith, breach of the implied covenant of good faith and fair dealing, fraud and/or misrepresentation and unfair competition.

Following a status conference on January 22, 2009, the Honorable Lawrence K. Karlton, Senior Judge for the United States District Court, Eastern District of California, ordered that all discovery in this action was stayed except that "pertaining to class certification." (Dkt. No. 59.) However, in a subsequent order, Judge Karlton vacated the January 22 Scheduling Order. He further ordered that "the parties SHALL proceed with discovery related to class certification . . . ." (Dkt. No. 130.)[1] Following the issuance of this order, nine months elapsed with no other activity in this case. Accordingly, Judge Karlton set this matter for a status conference on July 26, 2010, by order dated June 11, 2010. (Dkt. No. 132.) On June 28, 2010, Allstate filed the instant motion to compel production. (Dkt. Nos. 133, 134.)

////

---

[1] Plaintiff's contention that the court's January 22, 2009 order precludes the filing of the instant motion is not supported by the record. (Dkt. No. 137 at 5.) First, the court specifically vacated that January 22 order. Second, the condition of plaintiff's seatbelts may have some relevance to plaintiff's adequacy as a class representative.

2

B.  Discovery Dispute

Defendants served a fourth request for production on August 12, 2009. (Dkt. No. 133 at 1.) That request sought production of:

> ALL seatbelts, seatbelt components, AND seatbelt parts that were in YOUR 2005 Honda Civic on March 29, 2006, which YOU contend needed to be inspected, repaired OR replaced as a result of the March 29, 2006 accident.

(Dkt. No. 133 at 13.)

On September 10, 2009, plaintiff objected to this request based on relevance, attorney-client privilege and attorney work product, and refused to produce the seatbelts.[2] (Dkt. No. 133 at 18.) Counsel met and conferred telephonically on September 11, 2009. (Dkt. No. 133 at 8.) The parties were unable to resolve their dispute. On September 22, 2009, Allstate's counsel sent plaintiff's counsel a proposed joint statement regarding this discovery dispute. (Dkt. No. 133 at 23.) Plaintiff's counsel did not respond.

Nine months later, Allstate's counsel again sent plaintiff's counsel the proposed joint statement and requested a response by June 25, 2010. (Dkt. No. 133 at 30-31.) Plaintiff's counsel did not respond by that date.[3] Allstate filed this motion on June 28, 2010. (Dkt. No. 133.)

////

---

[2] Plaintiff appears to have abandoned any objection based on attorney-client or work product privilege because he did not raise these grounds in opposition to defendants' motion to compel.

[3] Plaintiff's counsel contends that she did not respond by this date because certain additional correspondence from defendants' counsel requested a response by July 9, 2010. (Dkt. No. 137 at 4.) The present record does not support this claim. It is unclear that the referenced July 9 correspondence addressed the issues involved in the proposed joint statement and the instant motion to compel. That letter appears to address issues involved in plaintiff's deposition, not production of seatbelts. (See Dkt. No. 138 at 33.) It is noted that only one page of that letter was attached to Ms. York's declaration, rendering it impossible to determine whether seatbelts were addressed in the remainder of that letter. Ultimately, the record does not support a conclusion that plaintiff's failure to respond by June 25 was justified by Allstate's additional correspondence.

3

II.  MOTION TO COMPEL

    A.  Legal Standards

Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of federal discovery is broad.  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. Proc. 26(b)(1).  That relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  Id.  The broad scope of permissible discovery encompasses any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.  Oppenheimer Fund, Inc. v. Sanders, 427 U.S. 340, 351 (1978).  Discovery is not limited to the merits of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to the merits."  Id.  A district court has wide latitude in controlling discovery, and its rulings will not be overturned in the absence of a clear abuse of discretion."  Volk v. D.A. Davidson & Co., 816 F.2d 1406, 1416-17 (9th Cir. 1987).

    B.  Discussion[4]

Defendants argue that the condition of plaintiff's seatbelts following the accident is "critical" to this action, because the policy only obligates Allstate to repair or replace direct and accidental loss. (Dkt. No. 133 at 2.) Defendants call the court's attention to numerous instances in the complaint where plaintiff alleges that the seatbelts in plaintiff's vehicle were not in the same condition that they were in prior to the time of the accident. (Id.) In particular, defendants point to the following portions of the complaint:

> 42.  On March 29, 2006, Plaintiff's ALLSTATE-insured 2005 Honda Civic was significantly damaged in a high impact, front end collision.  The front driver and passenger seat belts in Plaintiff's vehicle locked and took on significant force . . . .  Following the accident, the seat belts in

---

[4] Counsel present a variety of arguments regarding the procedural sufficiency of efforts to meet and confer and regarding the filing of this motion to compel. The court finds sufficient compliance with the local rules in this instance, and in the further interest of judicial economy, will reach the merits of this dispute.

4

<div style="margin-left:2em">

                Plaintiff's vehicle were not in the same physical condition they were in at the time of the accident/loss and needed to be replaced to restore Plaintiff's vehicle to its pre-accident condition.

48.    Plaintiff is informed and believes that his vehicle's involvement in the high impact, front end collision that caused substantial damage to the vehicle and significant injuries to the passengers wherein the seat belts were worn and engaged caused significant damage to Plaintiff's seat belts and restraint systems.

49.    Plaintiff further alleges that the involvement in the collision reduced the effectiveness of his seat belts in any subsequent collision.

50.    Plaintiff further alleges that the seat belts' webbing was stretched and elongated; the anchors that secure the seat belts to the vehicle were damaged; and the retractor locking mechanisms were damaged due to the collision.

51.    Plaintiff further alleges that had the requested inspection and replacement been completed, that the above listed damages would have been discovered and repaired leaving his vehicle in its pre-loss, pre-accident safe condition.

76.    Plaintiff's ALLSTATE-insured vehicle was in a head on collision which caused significant damage to the passengers and the vehicle itself . . . As a result of the impact of the collision, the webbing of the seat belts was elongated rendering the seat belt ineffective in any subsequent collision.

</div>

(Complaint, Dkt. No. 67.)  Plaintiff clearly and repeatedly contends that the condition of the seatbelts following the accident was of factual significance.[5]  Defendants seek an opportunity to inspect plaintiff's seatbelts to determine whether they were damaged during the accident and in need of repair or replacement.

      Despite the contentions in his complaint, plaintiff argues that the condition of his seatbelt is irrelevant because Allstate did not base its denial of plaintiff's insurance claim on the

---

[5] Plaintiff admits as much in his opposition briefing.  (Dkt. No. 137 at 11 (. . . "Plaintiff in the present matter has repeatedly asserted that his seatbelts were damaged as a result of the collision and in need of replacement and was in fact forced to replace the seatbelts himself.")).

5

condition of the seatbelts. (Dkt. No. 137 at 1, 6.) Moreover, plaintiff argues that regardless of the condition of the seatbelts, the Honda Civic owner's manual for plaintiff's vehicle requires replacement of *all* seatbelts involved in a collision. (Dkt. No. 137 at 6 "If a seat belt is worn during a crash, it must be replaced by the dealer. A belt that has been worn during a crash may not provide the same level of protection in a subsequent crash."). Finally, plaintiff contends that defendants waived their right to inspect the condition of the seatbelts by failing to inspect them following the 2006 collision and/or issuing a blanket denial and should be estopped from doing so by waiting over three years before seeking inspection. (Dkt. No. 137 at 1.)

Although plaintiff's arguments ultimately may have some appeal, the court finds that the seatbelts and accompanying components are relevant, discoverable evidence, particularly in this putative class action. Given the broad discovery standards and the breadth of plaintiff's allegations in his complaint, defendants are entitled to inspect the tangible things that plaintiff alleges were damaged in the automobile accident and that Allstate was allegedly obligated to restore to their pre-accident condition. Plaintiff's arguments to the contrary are insufficient to overcome the fact that Rule 26(b)(1) imposes broad standards of discoverability and has been so construed by the courts. See Oppenheimer, 437 U.S. at 351 (recognizing that discovery is not necessarily even limited to the merits of a case, and that discovery has often been used to, for example, illuminate issues upon which a district court must pass in deciding whether a suit should proceed as a class action).

III.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.   Defendants' motion to compel (Dkt. Nos. 133, 134) is granted.

2.   On or before August 30, 2010, plaintiff shall produce to Allstate for inspection all seatbelts, seatbelt components and seatbelt parts that were in plaintiff's 2005 Honda Civic on March 29, 2006.

////

3. No destructive testing of any kind shall be performed on the seatbelts seatbelt components and seatbelt parts unless otherwise agreed by the parties.

IT IS SO ORDERED.

DATED: July 29, 2010

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE