1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10  ROBERT WATTS, on behalf of
    himself individually and all others          No. 2:08-cv-01877 LKK KJN
11  similarly situated,

12          Plaintiff,

13      vs.

14  ALLSTATE INDEMNITY CO., an
    Illinois corporation, et al.,
15
            Defendants.                          ORDER
16
    _____/
17

18          Presently before this court are plaintiff Robert Watts' motions to compel:

19  (1) Responses and Production in Response to Plaintiff's Requests for Production of Documents,

20  Set One; (2) Responses and Production in Response to Plaintiff's Requests for Production, Set

21  Two; and (3) Responses to Plaintiff's Special Interrogatories, Set One.  The parties appeared

22  before the undersigned for hearing on the motions on October 14, 2010, at 10:00 a.m.  Attorneys

23  Wendy York and Jennifer Euler appeared on behalf of plaintiff.  Attorney Sonia Martin appeared

24  on behalf of defendants Allstate Indemnity Company, Allstate Insurance Company, and Allstate

25  Property and Casualty Insurance Company (collectively "Allstate" or "defendants").  After

26  careful consideration of all of the papers filed in support of and in opposition to these motions,

1

1   the authorities cited therein, and following oral argument, the motions to compel will be granted

2   in part and denied in part for the reasons stated at the hearing and as set forth below.

3   I.    Brief Background

4           Plaintiff Robert Watts ("plaintiff") allegedly had an automobile insurance policy

5   with one or more of the defendants.  (Dkt. No. 79.)  His car was involved in an automobile

6   accident, after which he requested that Allstate replace the seatbelts and associated mechanisms.

7   (Id.)  Defendants allegedly refused to pay for these costs or to allegedly engage in related

8   accommodating actions.

9           Plaintiff then filed a putative class action against Allstate.  (Id., Dkt. No. 67.)  The

10  putative class action complaint asserts claims for relief for breach of contract, insurance bad

11  faith, breach of the implied covenant of good faith and fair dealing, fraud and/or

12  misrepresentation, and unfair competition.  (Dkt. Nos. 67, 79.)  In a July 29, 2010 order, the

13  Honorable Lawrence K. Karlton set forth a discovery deadline for non-expert, class discovery[1] of

14  December 15, 2010, with a corresponding deadline that motions to compel non-expert class

15  discovery be heard by November 15, 2010.[2]  (Dkt. No. 143.)

16  II.   Legal Standards

17          Pursuant to Federal Rule of Civil Procedure 26(b)(1), the scope of federal

18  discovery is broad.  Parties may obtain discovery regarding any nonprivileged matter that is

19  relevant to any party's claim or defense.  Fed. R. Civ. Proc. 26(b)(1).  Relevant information need

20

21          [1] Although the issue of a stay of non-class discovery was addressed at the hearing and in
    the briefing submitted to the court, the court finds, as stated at the hearing, that there is no stay
22  presently in place on non-class or merits discovery in this action.  (See Dkt. No. 143.)  Therefore,
    any objections based on an alleged stay are, absent further order from Judge Karlton, overruled.
23
            [2] As the undersigned stated at the October 14, 2010 hearing, so long as the parties are
24  working diligently towards resolution of their remaining discovery disputes, the court is
    supportive of a brief extension of time on class discovery.  However, this case is ultimately
25  managed by the district judge assigned to this case, Judge Karlton.  If the parties desire any
    extensions of time regarding class or merits discovery, such a request must be sought from Judge
26  Karlton.

1   not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of

2   admissible evidence.  Id.  The broad scope of permissible discovery encompasses any matters

3   that bear on, or that reasonably could lead to other matters that could bear on, any issue that is or

4   may be present in the case.  Oppenheimer Fund, Inc. v. Sanders, 427 U.S. 340, 351 (1978)

5   (recognizing that discovery is not necessarily limited to the merits of a case, and that discovery

6   has often been used to, for example, illuminate issues upon which a district court must pass in

7   deciding whether a suit should proceed as a class action).  Discovery is not limited to the merits

8   of a case, "for a variety of fact-oriented issues may arise during litigation that are not related to

9   the merits."  Id.

10        Under Federal Rule of Civil Procedure 26(e), a party who has made a disclosure

11  under Rule 26(a), or who has responded to an interrogatory, request for production, or request for

12  admission *must supplement or correct* its disclosure or response in a timely manner if the party

13  learns in some material respect the disclosure or response is incomplete or incorrect.  Fed. R.

14  Civ. Proc. 26(e) (emphasis added).

15  III.   Plaintiff's Motions to Compel

16        Plaintiff originally filed his motions to compel on August 23, 2010.  As addressed

17  at the hearing, it is unclear whether plaintiff was motivated to file these premature motions to

18  compel responses to his 15-month-old discovery requests by the impending class discovery

19  cutoff date.  Regardless, as a result, for nearly the next 30 docket entries (see Dkt. Nos. 145

20  through 176), plaintiff and defendants chose to file a flurry of documents which sought to explain

21  each counsel's view that opposing counsel was obstreperous, unresponsive, and dilatory.  Nearly

22  a thousand pages of documents poured into the court via its electronic filing system.  Attorney

23  Euler's declaration was so lengthy it was filed in eight parts.  Exhibits contained sub-sets of

24  exhibits.  And what might have been a well-intentioned motion to compel seeking to confirm the

25  completeness of discovery and document production became less about information gathering

26  and more about retaining a more righteous discovery stance.

1         During the flurry of filings, on August 26, 2010, this court ordered that the

2 plaintiff's motions to compel would be continued so the parties could file discovery dispute

3 documents which complied with Local Rule 251.  With the hope that the parties could narrow

4 their issues and engage in a meaningful meet and confer process in drafting joint statements, the

5 court ordered the parties to file joint statements on the motions and rescheduled the hearing for

6 October 14, 2010.  (Dkt. No. 166.)

7         Although seemingly impossible, the joint statement devolved into an even less

8 useful vehicle by which the court could adjudicate the issues at hand.  Counsel did not take this

9 opportunity to narrow any issues for the court.  Instead, counsel filed joint statements that

10 contained back-and-forth position statements for approximately one hundred document requests

11 and special interrogatories, with the parties unable to even agree about what was at issue.

12         The parties inability to resolve any disputes informally—or even agree about what

13 requests were at issue—forced the court to divert dozens of hours away from other pressing

14 business in an effort to analyze each request and the parties' positions.  Through continued and

15 repeated review of the parties' voluminous filings, it became ever more apparent that the parties

16 were both culpable for failing to meet and confer in good faith.

17     A.    <u>Failure of Meet and Confer</u>

18         While discovery disputes are a portion of this court's adjudicatory functions,

19 unnecessary discovery disputes are not.  Counsel, in this instance, invested much more mental

20 energy in leveling attacks at opposing counsel than in resolving the substance of the instant

21 disputes.  At the October 14th hearing, it quickly became apparent that the parties hoped to dump

22 their inability to communicate as professionals upon this court's extraordinarily busy doorstep.

23 Defendants' counsel pointed out, for instance, that plaintiff had only notified her of certain issues

24 at 2:00 p.m. on the day the joint statement was due.  It was also indicated that plaintiff may not

25

26

4

have fulfilled his Rule 26 disclosure obligations.[3]  Plaintiff's counsel did not appear conciliatory or make any showing that she worked with opposing counsel in good faith to resolve unanswered discovery issues.  Yet, on numerous occasions it was also revealed that the parties, in fact, had already reached an agreement regarding some discovery requests that were nevertheless presented to the court in the motions to compel.  It is inconceivable how counsel could request, in essence, that the court do their homework for them or that the court engage in the futile exercise of analyzing nonexistent discovery disputes.

Defendants' counsel is not without blame.  She repeatedly stated that she had to check with her client on a variety of production issues and that she would need to contact vendors or other personnel regarding the availability of certain information.  Defendants have failed to illuminate to the court why more than a year has elapsed between plaintiff's propounding of his requests for production and defendants' seemingly newly commenced investigation into factual responses.  Defendants' counsel does not appear to have worked in a timely fashion to provide plaintiff the information to which he is entitled.

In the context of discovery the term "communicate" has been clarified to mean "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." Davis v. Apfel, 2000 WL 1658575, at *2 (M.D. Fla. 2000).  The court firmly believes that if the experienced counsel involved in this action had met and conferred in good faith over the telephone, or more preferably in person, that the instant motions to compel would never have been filed and would not have necessitated this court's premature and extensive involvement.  As counsel may be aware, the docket is severely overloaded in this district.  A good faith attempt to meet and confer requires more than sharply worded letters and emails between counsel.  See generally Imbody v. C&R Plating Corp., 2010 WL 3184392, at *1 (N.D. Ind. 2010) (recognizing that a serious meet and confer must take place prior to the court's ruling on a motion and that

---

[3]  Counsel are **encouraged** to review and embrace the simple and elegant discovery framework contained within Federal Rules of Civil Procedure 26 and 34.

several letters being exchanged between counsel does not constitute a good faith conference).
The parties have not complied with Local Rule 251 and the requirement to meet and confer in
good faith.

At the hearing on these motions, plaintiff's counsel conceded that she "did not
have the time" to review a whole host of documents if and when defendants decided to produce
them in response to overbroad document requests. The court, quite frankly, does not have the
time to sort through an ill-conceived, unripe motion to compel, or worse yet, three of them. As
set forth below, the court will order that the counsel in this case engage in civil, productive
communication designed to elicit cooperation and the presentation of issues for the court to
resolve in the future. What did become clear from the hearing was that the parties are still
engaged in an ongoing meet and confer process and that there were very few issues properly
before the court. What the undersigned also made clear is that although the court spent an
inordinate amount of time seeking to provide the parties with guidance for going forward with
discovery in this case, in the future the court will only rule on ripe, properly and narrowly
presented issues which the parties have first attempted in good faith to resolve of their own
accord. Very few of those issues are present in the instant dispute.

B.    Stipulations and Orders at the Hearing

At the October 14th hearing, both on and off the record, the parties reached
resolution on a variety of discovery issues, most likely because they were able to communicate
with one another directly. These stipulations and court orders are reflected, at least in part,
below.

a.    Special Interrogatories

Plaintiff propounded Special Interrogatories, Set One, on July 2, 2009. (Dkt. No.
173 at 2.) Plaintiff's special interrogatories numbers one through three sought information
regarding the numerosity portion of plaintiff's class certification criteria. Defendants responded

1    with a variety of objections,[4] and the parties subsequently met and conferred.

2           The court will grant plaintiff's motion to compel responses to these special

3    interrogatories.  As defendants themselves argued in support of their motion to compel filed

4    earlier this year, the information sought in discovery "need not be admissible at the trial if it

5    appears reasonably calculated to lead to the discovery of admissible evidence."  (Dkt. No. 133 at

6    4 (citing Hickman v. Taylor, 329 U.S. 495, 507 (1947)).)

7           Moreover, prior to the hearing, defendants had already agreed to provide

8    responses to special interrogatories numbers one and two.  As to the third special interrogatory,

9    defendants stated that they had no objection to responding if the information sought could be

10   ascertained.  Because the interrogatories are seeking discoverable information relevant to the

11   plaintiff's action and because defendants have agreed to produce responsive information if

12   available, this motion will be granted.

13           b.    Requests For Production

14           Regarding plaintiff's motion to compel further responses to his requests for

15   production of documents, the court addressed these disputes at length at the hearing.  Plaintiff

16   sought a motion to compel responses to approximately one hundred separate requests for

17   production.  Although the court reviewed and analyzed each and every one of the disputed

18   requests, following oral argument, it is apparent that the vast majority of these disputes remain in

19   the midst of the meet and confer process.

20           The court attempted at the hearing to ascertain the parties' various stipulations,

21   modifications to the categories of requests, and variations from the statements contained in the

22   parties' joint statements.  However, what became clear is that except for the guidance provided at

23

24        [4] Defendants' counsel is cautioned against the use of boilerplate objections.  They tend to
     unnecessarily obfuscate the issues and may be ineffective in preserving the objection when used
     in an unwarranted and overbroad manner.  See e.g., Burlington N. & Santa Fe Ry. Co. v. U.S.
25   Dist. Ct., 408 F.3d 1142, 1149 (9th Cir. 2005) (holding, in part, that boilerplate objections or
     blanket refusals inserted into a Rule 34 request for production of documents are insufficient to
26   assert a privilege).

the hearing and in this order, the parties need to continue their meet and confer efforts and memorialize their agreements regarding the modified document requests to which the defendants are agreeing to produce documents.  Accordingly, except as expressly stated below, the court will not issue a ruling on each individual document request.

C.     Counsel's Continuing Obligations

Counsel shall work cooperatively towards a joint resolution of discovery disputes. When a precise, live controversy or willful discovery violation exists, the court is available to rule upon it.  Although the court discussed the appointment of a discovery referee or special master with the parties, the court finds that the experienced and articulate counsel in this action should be entitled to correct the course of discovery in this matter without bearing the expense of a special master.  The court expects the parties to timely and productively meet and confer. Bitterly fought discovery motions are not productive for the court, or lest we forget, the clients. If the parties erroneously perceive strong-arm or dilatory litigation tactics as strategically advantageous, then the court will consider monetary or evidentiary sanctions to discourage such behavior.

The attorneys in this action have a duty as officers of the court to engage in just and expeditious resolution of actions.  This duty can and will be fulfilled simultaneously with counsel's duty of zealous advocacy.  Should the court learn of any discovery abuses, sanctions may be imposed upon the non-cooperative, offending party.  The court will not look favorably upon any party who has needlessly multiplied the contentiousness of these proceedings.

IV.     Conclusion

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     Plaintiff's motion to compel further responses to his Special Interrogatories, Set One, (Dkt. No. 160) is GRANTED.  Defendants are ordered to serve amended responses to plaintiff's Special Interrogatories, Set One on or before November 12,

8

1    2010.[5]

2         2.    Defendants are to file amended responses to the Requests for Production,

3    Sets One and Two on or before November 12, 2010.  Defendants amended responses must

4    comply with the following:  (1) if there are no documents responsive to a particular request,

5    defendants must so state for each such request for production; (2) defendants must clearly state

6    whether all responsive documents have been produced and whether defendants are withholding

7    any documents based on a claim of privilege or otherwise, along with an appropriate privilege

8    log.  Similarly, if the parties through a meet and confer have agreed to a more limited request, the

9    defendant must state whether all responsive documents have been produced to such an agreed

10   upon modified request.  However, defendants are not required to specifically designate which

11   documents correspond to a particular request.  Defendants' amended responses and production

12   must further comply with the parties' agreements and orders issued at the October 14, 2010

13   hearing.

14        3.    Defendants have agreed to produce documents responsive to requests

15   involving documents relating to third-party Audatex, including request for production numbers

16   47 and 98.  Defendants will produce all training materials utilized by adjusters since 2003

17   regarding the use of the Audatex system generally and any materials specifically relating to

18   seatbelts.  Such production shall occur on or before October 28, 2010.  Defendants shall bring

19   forth any difficulties in complying with this particular order to the court's immediate attention

20   via a telephonic conference.

21        4.    Except as otherwise ordered herein, plaintiff's motions to compel further

22   responses to his Requests for Production, Sets One and Two (Dkt. Nos. 145, 149) are DENIED

23   without prejudice.

24

25       [5] As discussed at the hearing, the court expects that defendants will be working diligently
to gather the required information with any necessary personnel and produce amended responses
26   hopefully well prior to the expiration of this deadline.

5.      The parties shall comply with any additional court orders, discovery stipulations or agreements as recited during the October 14, 2010 hearing.  The parties may telephone the undersigned's deputy clerk to arrange for a joint telephonic conference at any point if it appears the court may be able to provide additional guidance concerning the discoverability of a particular category of requests or to resolve a dispute on any other issue ripe for adjudication.

6.      Prior to the filing of any further motions to compel, the parties are required to engage in a detailed, good faith conference regarding the disputed requests or issues via telephone or in person.  Any counsel not fully cooperating in this process or acting so as to obstruct reasonable discovery may be subject to sanctions, monetary or otherwise.  If agreement cannot be reached, a prospective discovery dispute shall be summarized jointly by the parties in a letter brief <u>not exceeding four pages</u>.  The joint letter brief must attest that, prior to filing the request for relief, counsel met and conferred personally or by telephone, and must concisely summarize those remaining issues counsel have been unable to resolve.  The letter brief may cite to limited and specific legal authority only for resolution of the dispositive issues.  The letter brief may not be accompanied by exhibits or affidavits; any excerpt of disputed discovery material must be set out verbatim in the letter.  After receipt of the letter brief, the court will then advise the parties concerning whether additional briefing or a telephonic conference will be necessary.

**IT IS SO ORDERED**.

DATED:  October 19, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE