1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ROBERT WATTS, on behalf of
     himself individually and all others          No. 2:08-cv-01877 LKK KJN
11   similarly situated,

12          Plaintiff,

13      vs.

14   ALLSTATE INDEMNITY COMPANY, an
     Illinois corporation, ALLSTATE
15   INSURANCE COMPANY, an Illinois
     corporation, ALLSTATE PROPERTY
16   AND CASUALTY INSURANCE
     COMPANY, an Illinois corporation; and
17   DOES 1 through 100, inclusive,

18          Defendants.                       <u>ORDER TO SHOW CAUSE</u>

19   _____/

20          Presently before this court is defendants Allstate Indemnity Company, Allstate

21   Insurance Company and Allstate Property and Casualty Insurance Company's ("Allstate" or

22   "defendants") Motion to Compel Supplemental Rule 26(a) Initial Disclosures ("Motion") from

23   plaintiff Robert Watts.  (Motion, Dkt. No. 184.)  The Motion was filed on January 28, 2011.

24   (Dkt. Nos. 183-84.)  The parties filed a Joint Statement Regarding Discovery Dispute ("Joint

25   Statement") relating to the Motion on February 24, 2011.  (Joint Statement, Dkt. No. 185.)  The

26   Motion is set to be heard on March 3, 2011.  (Motion at 1.)  Because the Motion appears to have

1

been filed after the deadline for completion of non-expert, class discovery stated within the district judge's Scheduling Order, this order vacates the Motion's March 3, 2011 hearing date, and orders defendants to show cause why the Motion does not require Senior United States District Judge Lawrence K. Karlton to first modify the Scheduling Order governing discovery.

The timing of defendants' Motion is troubling. The Scheduling Order issued by Judge Karlton on July 28, 2010 ("Scheduling Order"), provides, in pertinent part, that "[a]ll non-expert, class discovery shall be conducted so as to be completed no later than December 15, 2010. All motions to compel non-expert, class discovery shall be filed such that they will be heard no later than November 15, 2010." (Dkt. No. 143 at 1.) The Scheduling Order provides a period of 30 days between the deadline to file motions to compel class discovery (November 15, 2010) and the deadline for "completion" of class discovery (December 15, 2010).

The July 29, 2010 Scheduling Order was modified on November 20, 2010, ("Modified Scheduling Order") to provide that "the parties' discovery cut off date pertaining to the discovery referenced in paragraph one of the Court's July 28, 2010 Order is to be extended to January 29, 2011." (Dkt. No. 180 at 2.) Under the Modified Scheduling Order, then, the parties had until January 29, 2011 to *complete* their non-expert, class discovery. Therefore, motions to compel such discovery had to have been heard 30 days before that cutoff in order for discovery to be completed by the cutoff. Even a more charitable reading of the Scheduling Order (and Modified Scheduling Order) would suggest that motions to compel such discovery must at least be "heard by" January 29, 2011, if not that such discovery be "complete" by that date.

The pending Motion is a motion to compel non-expert, class discovery. By defendants' own description, the "instant motion to compel seek[s] an order requiring Plaintiff to produce, or identify by category and location, any documents he intends to use in connection with the class certification phase of this proceeding. In the alternative, Plaintiff should be precluded from introducing or relying upon any documents he refuses to produce or disclose." (Joint Statement at 1-2, 5-6.)

2

1    The pending Motion is on calendar for March 3, 2011.  It presents a dispute

2    squarely pertaining to non-expert, class discovery, and the January 29, 2011 deadline for

3    completion of such discovery has passed.  Even if the January 29, 2011 deadline were generously

4    construed as the cutoff for class discovery issues to be heard rather than for discovery to be

5    completed, the pending Motion was plainly not heard by that date.

6    The undersigned does not have the authority to make changes to the district

7    judge's Scheduling Order or to hear discovery disputes that are untimely under the terms of such

8    Order.  Therefore, the undersigned cannot order the requested relief unless the Scheduling Order

9    is amended, and the parties have not moved to modify the completion deadline for non-expert,

10   class discovery.

11   Accordingly, Defendants must show cause, in writing, on or before March 10,

12   2011, why defendants' Motion does not require modification to the class discovery deadline

13   established in the Scheduling Order.  Defendants may satisfy this obligation by filing a written

14   statement on or before March 10, 2011, informing the undersigned that they have decided to seek

15   a modification to the Scheduling Order and that they will be making that request before Judge

16   Karlton.  If defendants choose to request such a modification, and if such request is granted,

17   defendants may re-file their Motion for a determination by the undersigned.

18   If the undersigned finds that defendants have convincingly shown cause why their

19   Motion does not require such modification to the Scheduling Order, or alternatively, if the

20   Scheduling Order is modified, defendants may re-notice and re-file their Motion thereafter.  The

21   March 3, 2011 hearing on defendants' Motion to Compel Supplemental Rule 26(a) Initial

22   Disclosures from plaintiff (Motion, Dkt. No. 184) is hereby dropped from the calender without

23   prejudice.

24   ////

25   ////

26   ////

For the foregoing reasons, IT IS HEREBY ORDERED that:

1.     The March 3, 2011 hearing on defendants' Motion to Compel Supplemental Rule 26(a) Initial Disclosures from plaintiff (Motion, Dkt. No. 184) is hereby dropped from the calender without prejudice.

2.     Defendants must show cause, in writing, on or before March 10, 2011, why defendants' Motion does not require modification to the class discovery deadline established in the Scheduling Order.  Defendants may satisfy this obligation by filing a written statement on or before March 10, 2011, informing the undersigned that they have decided to seek a modification to the Scheduling Order and that they will be making that request before Judge Karlton.

IT IS SO ORDERED.

DATED:  February 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

4