IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WATTS, on behalf of himself individually and all others similarly situated,

    Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY, an Illinois corporation, ALLSTATE INSURANCE COMPANY, an Illinois corporation, ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, an Illinois corporation; and DOES 1 through 100, inclusive,

    Defendants.
_____/

No. 2:08-cv-01877 LKK KJN

ORDER

    Defendants Allstate Indemnity Company, Allstate Insurance Company and Allstate Property and Casualty Insurance Company's ("Allstate" or "defendants") Motion to Compel plaintiff Robert Watts to Produce His Proposed Expert Witnesses for Deposition (Dkt. No. 191) came on for hearing on April 7, 2011. (Dkt. No. 198.) Attorney Sonia Martin appeared on behalf of the defendants. Attorney Jennifer Euler appeared on behalf of the plaintiff.

    Having considered the motion (Dkt. No. 191), the parties' declarations (Dkt. Nos. 195, 197), the Joint Statement (Dkt. No. 196), the record and pleadings on file in this action, and

1

the statements made by counsel during the hearing, defendants' motion (Dkt. No. 191) is granted.

During the hearing, counsel for plaintiff confirmed that plaintiff's class certification motion would be based in part upon the testimony of his disclosed experts.  On the issue of depositions of experts who will provide testimony on class certification issues, plaintiff's narrow reading of the Scheduling Order is not well-taken.  Accordingly, plaintiff must produce his experts for deposition prior to April 30, 2011.  Unless the parties jointly stipulate otherwise, the undersigned orders that the depositions be completed in accordance with the schedule set out below.

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Compel Plaintiff To Produce His Proposed Expert Witnesses For Deposition (Dkt. No. 191) is granted.

2. The parties are to comply with the following timetable:

   (a) The parties must select mutually-agreeable deposition dates by April 11, 2011.  The depositions may be conducted on weekend days, if necessary.

   (b) Defendants must serve deposition notices by April 13, 2011.  Such service shall be upon plaintiff's counsel, as plaintiff's counsel consented to receive such service on behalf of plaintiff's experts.  In addition to traditional service methods, counsel for defendants shall send courtesy copies of the notices via email or fax to plaintiff's counsel at the time the notices are served.  The undersigned orders that the depositions may occur on shortened time.

   (c) Plaintiff may serve objections to the expert deposition notices by April 15, 2011.  In addition to traditional service methods, counsel for plaintiff shall send courtesy copies of the notices via email or fax to defense counsel at the time the objections are served.

   (d) The depositions of plaintiff's experts shall in no event be completed later

than April 30, 2011.

  (e) The undersigned strongly encourages the parties to complete the depositions well in advance of April 30, 2011, and the undersigned expects both parties to diligently work toward an earlier completion of the depositions.  Counsel shall contact the undersigned's chambers and request a telephonic conference with the undersigned in the event any party is unreasonably preventing timely completion of these depositions.  Counsel is cautioned that, if any party unreasonably prevents timely completion of these depositions and/or fails to comply with this timetable, evidentiary and/or monetary sanctions may issue.

  3. Monetary sanctions will not be awarded in connection with defendants' motion. (Dkt. No. 191.)  For the reasons stated on the record during the hearing, because plaintiff is ordered to produce his experts prior to the class certification briefing, such sanctions are not necessary at this time.

  IT IS SO ORDERED.

DATED: April 7, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3