1  WENDY C. YORK, SBN 166864
2  **YORK LAW CORPORATION**
   1111 Exposition Boulevard, Building 500
3  Sacramento, CA 95815
   Telephone:    (916) 643-2200
4  Facsimile:    (916) 643-4680

5
   KIMBERLY A. KRALOWEC, SBN 163158
6  **THE KRALOWEC LAW GROUP**
   188 The Embarcadero, Suite 800
7  San Francisco, California 94105
   Telephone:    (415) 546-6800
8  Facsimile:    (415) 546-6801

9  Attorneys for Plaintiff and the Putative Class

10
   MARK HANOVER (*Pro Hac Vice*)
11 SONIA MARTIN, SBN 191148
   **SNR DENTON US LLP**
12 525 Market Street, 26th Floor
   San Francisco, CA 94105-2708
13 Telephone: (415) 882-5000
   Facsimile: (415) 882-0300
14

15 Attorneys for Defendants

16                    **UNITED STATES DISTRICT COURT**

17                     **EASTERN DISTRICT OF CALIFORNIA**

18                          **SACRAMENTO DIVISION**

19

20 ROBERT WATTS, on behalf of himself           CASE NO.:  S-08-1877 LKK/KJN
   individually and all others similarly situated,

21                                              **STIPULATION AND ORDER TO**
             Plaintiffs,                        **MODIFY THE COURT'S JUNE 13, 2012**
22      vs.                                     **SCHEDULING ORDER**

23 ALLSTATE INDEMNITY COMPANY, an
   Illinois corporation; ALLSTATE INSURANCE
24 COMPANY, an Illinois corporation;            Date:    TBA
   ALLSTATE PROPERTY AND CASUALTY               Time:    TBA
25 INSURANCE COMPANY, an Illinois               Dept.:   Courtroom 4, 15th Floor
   corporation; and DOES 1 through 100, inclusive,  Judge: Hon. Lawrence K. Karlton
26

27           Defendants.

28

-1-
STIPULATION AND [PROPOSED] ORDER TO MODIFY SCHEDULING ORDER

**STIPULATION**

Plaintiff Robert Watts ("Plaintiff") and defendants Allstate Insurance Company, Allstate Indemnity Company and Allstate Property & Casualty Insurance Company (collectively, "Allstate"), by and through their respective counsel of record, hereby stipulate and agree as follows and respectfully request that the Court approve and give effect to their stipulation:

WHEREAS, pursuant to the Court's scheduling order of June 13, 2012, Plaintiff's motion for class certification was to be filed on or before August 27, 2012;

WHEREAS, on August 27, 2012, Allstate and Plaintiffs engaged in discussions regarding whether Allstate would need to move for a protective order requiring that some of Plaintiff's supporting exhibits be filed under seal;

WHEREAS, Plaintiff has filed his Notice of Motion, [Proposed] Order, Memorandum of Law, four supporting declarations with exhibits and three supporting declarations without their exhibits, and has served and lodged with the Court the as-yet-unfiled exhibits of concern to Allstate;

WHEREAS, Plaintiff is agreeable to allowing Allstate a brief period of time in which to file a motion for protective order;

WHEREAS, a brief modification of the scheduling order for the completed filing of all pleadings, declarations and exhibits in support of Plaintiff's Motion for Class Certification to allow Allstate time to seek a protective order will result in prejudice to no party;

IT IS HEREBY STIPULATED AND AGREED as follows:

Allstate's motion for protective order shall be filed by Friday, September 14, 2012;

In the event that Allstate does not move for a protective order, Plaintiff's remaining papers supporting his motion for class certification shall be filed by Monday, September 17, 2012.

IT IS HEREBY FURTHER STIPULATED AND AGREED, that should Allstate file a motion for protective order, then upon ruling by the Court: (1) plaintiff will file under seal those documents permitted to be so filed by the Court, and (2) if the Court rules that certain documents are

1  not permitted to be sealed, then plaintiffs will file them five days after the Court's ruling, unless (a)
2  the Court directs them to be filed sooner, or (b) Allstate moves for reconsideration and/or appellate
3  review within that five-day period, unless the Court otherwise directs.

4      IT IS FURTHER STIPULATED AND AGREED that all papers filed or which may be filed
5  in support of Plaintiff's motion for class certification are deemed timely filed in full compliance
6  with the Court's scheduling order of June 13, 2012, provided that Plaintiff electronically served
7  Allstate with those documents on August 27, 2012 or August 28, 2012. Allstate retains the right to
8  assert any other evidentiary objections to those papers, including but not limited to objections to the
9  supporting expert declarations.

10  IT IS SO STIPULATED.

12  Dated: September 6, 2012    YORK LAW CORPORATION

14      By:    */s/ Wendy C. York*
        WENDY C. YORK

16  THE KRALOWEC LAW GROUP
    KIMBERLY A. KRALOWEC
    KATHLEEN S. ROGERS
17  ELIZABETH I. NEWMAN

18  Attorneys for Plaintiff ROBERT WATTS

19  Dated: September 6, 2012    SNR DENTON US LLP

21      By:    */s/ Sonia Martin*
        SONIA MARTIN

22  Attorneys for Defendants
    ALLSTATE INDEMNITY COMPANY,
23  ALLSTATE INSURANCE COMPANY, and
    ALLSTATE PROPERTY AND CASUALTY
24  INSURANCE COMPANY

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ORDER**

IT IS SO ORDERED.

Dated:  September 13, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT