IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT WATTS, on behalf of
himself individually and all others
similarly situated,

    Plaintiff,

vs.

ALLSTATE INDEMNITY COMPANY,
et al.,

    Defendants.

No. 2:08-cv-01877 LKK KJN

ORDER

_____/

Presently before this court is plaintiff Robert Watts' ("plaintiff") "Motion To Compel Further Responses To Plaintiff's Request For Production Of Documents From Plaintiff's Second Amended Notice Of Videotaped Deposition Of Person(s) Most Knowledgeable (July 18, 2012)" ("Motion to Compel"). (Mot. to Compel, Dkt. No. 326). Plaintiff filed the Motion to Compel on September 11, 2012. (Id.) Defendants Allstate Indemnity Company, Allstate Insurance Company and Allstate Property and Casualty Insurance Company's ("Allstate" or "defendants") and plaintiff filed a Joint Statement Re: Discovery Dispute on October 11, 2012. (Joint Statement, Dkt. No. 355.) The parties dispute plaintiff's entitlement to documents requested in connection with Mr. Finley's deposition, namely "Allstate's NextGen Entity

Attribute Report" and "Allstate's D-710 Report." (Id.) Plaintiff argues that these documents are "data dictionaries" in electronic form that organize data related to Allstate's processing of insurance claims, including claims implicating seatbelts. (Id. at 3-5.)

The matter came on for hearing on October 18, 2012. Attorney Wendy York attended on behalf of the plaintiff. Attorney Mark Hanover attended on behalf of the defendants. The undersigned has considered the briefs, oral arguments, and the appropriate portions of the record in this case and, for the reasons stated below, denies the motion.

The Motion to Compel was filed after the January 29, 2011 deadline for completion of non-expert, class discovery stated within the district judge's Scheduling Order, and accordingly it is denied.

I.  BACKGROUND

The parties do not dispute that Judge Karlton's Scheduling Order gives a discovery cutoff date of January 29, 2011. (Joint Statement at 16-17.) By way of background, Judge Karlton previously extended the discovery cutoff date in this case, but no party argues that Judge Karlton extended it beyond January 29, 2011.[1] (Id.)

The Joint Statement, declarations in support thereof, and the court's electronic docket, reflect this case's recent stop-and-start history. Because plaintiff suggests that the recent history partially explains the timing of the pending motion, the undersigned summarizes the relevant events here.

////

---

[1] The Scheduling Order issued by Judge Karlton on July 29, 2010, provides, in pertinent part, that "[a]ll non-expert, class discovery shall be conducted so as to be completed no later than December 15, 2010. All motions to compel non-expert, class discovery shall be filed such that they will be heard no later than November 15, 2010." (Dkt. No. 143 at 1.) The Scheduling Order provides a period of 30 days between the deadline to file motions to compel class discovery (November 15, 2010) and the deadline for "completion" of class discovery (December 15, 2010). The Scheduling Order of July 29, 2010, was modified on November 20, 2010, to provide that "the parties' discovery cut off date pertaining to the discovery referenced in paragraph one of the Court's July 28, 2010 Order is to be extended to January 29, 2011." (Dkt. No. 180 at 2.)

On January 11, 2011, plaintiff issued a deposition notice for defendant's person(s) most knowledgeable pursuant to Federal Rule of Civil Procedure 30(b)(6) and attached a document request thereto. (Exh. C to Declaration of Wendy York ("York Decl."), Dkt. No. 356). On January 21, 2011, the parties stipulated to depose person most knowledgeable Michael Finley sometime after the class discovery cutoff of January 29, 2011. (Exhs. D-E to Declaration of Mark Hanover ("Hanover Decl."), Dkt. No. 358-2.) The discovery deadline of January 29, 2011, came and went.

On April 8, 2011, defendants filed their motion for summary judgment. (Dkt. No. 201.) On April 25, 2011, plaintiff filed his opposition thereto. (Dkt. No. 238.) On May 12, 2011, Judge Karlton granted defendants' motion for summary judgment, and this case was closed. (Dkt. Nos. 255-56.)

On June 9, 2011, plaintiff moved for reconsideration of the order granting summary judgment and for a new trial. (Dkt. Nos. 260, 266.) On March 30, 2012, Judge Karlton partially granted plaintiff's motions and reopened the case. (Dkt. No. 290.) Judge Karlton did not reopen discovery. On June 13, 2012, Judge Karlton set a briefing schedule for plaintiff's class certification motion with plaintiff's class certification motion to be filed on August 27, 2012. (Dkt. No. 308.) Again, Judge Karlton did not reopen discovery.

On June 8, 2012, the day after the case was reopened, plaintiff's counsel met and conferred with defendants' counsel and requested that the deposition of Michael Finley proceed in accordance with the parties' stipulation of January 2011. (Exhs. F-G to Declaration of Mark Hanover ("Hanover Decl."), Dkt. No. 358-2.) Defendants ultimately produced Mr. Finley for deposition, and plaintiff now moves to compel production of various documents requested in Mr. Finley's deposition notice.

II.     DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides, "A schedule may be modified only for good cause *and with the judge's consent*." Fed. R. Civ. P. 16(b)(4) (emphasis added).

3

1   Here, it is undisputed that the parties did not obtain Judge Karlton's "consent" to extend the

2   discovery deadline, either for discovery generally or for the limited purpose of deposing Michael

3   Finley and requesting documents in connection with that deposition.

4       The pending Motion is undisputably a motion to compel non-expert, class

5   discovery.[2] (Joint Statement at 13; Declaration of Wendy York ("York Decl.") ¶ 8.)  Under the

6   Scheduling Order, the parties had until *January 29, 2011* to complete their non-expert, class

7   discovery.  Motions to compel such discovery had to have been heard 30 days before that cutoff

8   in order for discovery to be completed by the cutoff.  Even a more charitable reading of the

9   Scheduling Order would suggest that motions to compel such discovery must at least be "heard

10  by" January 29, 2011, if not that such discovery be "complete" by that date.  Even if the January

11  29, 2011 deadline were generously construed as the cutoff for class discovery issues to be heard

12  rather than for discovery to be completed, the pending Motion was plainly not heard by that date.

13      It is undisputed that the parties stipulated to the post-cutoff deposition of Michael

14  Finley.  It is also apparently undisputed, however, that neither party requested the *court's*

15  approval of such stipulation.  Likewise, neither party asked the court to modify the court's

16  Scheduling Order to permit the post-cutoff deposition.  No party sought, or was granted, the

17  district judge's consent to permit discovery to occur — or discovery disputes to be heard — after

18  January 29, 2011.

19      No party has adequately explained why the pending motion does not require Judge

20  Karlton to first modify his Scheduling Order governing discovery.  The undersigned does not

21  have the authority to make changes to the district judge's Scheduling Order or to hear discovery

22  disputes that are untimely under the terms of such Order.  Accordingly, the undersigned does not

---

[2] During the hearing, counsel for plaintiff argued that the motion also seeks to compel discovery as to the *merits* of the underlying case, such that the January 29, 2011 deadline does not prevent the undersigned from hearing the motion.  However, non-class discovery regarding the merits of the case was subject to a cutoff date of December 15, 2011 (Dkt. No. 143) and this date has also passed without Judge Karlton extending it, so plaintiff's arguments miss the mark for all the same reasons discussed herein with respect to the deadline for class discovery.

1 have authority to modify Judge Karlton's Scheduling Order, and therefore does not have
2 authority to grant the pending motion.

3    The undersigned also notes that, in the order establishing the class certification
4 briefing schedule, Judge Karlton cautioned the parties that "[t]he court notes that during the
5 [class certification] briefing period, it will look with disfavor upon pointless disputes over
6 matters not central to class certification." (Order, Dkt. No. 308.) Plaintiff urges that this
7 discovery dispute centers on class discovery and is necessary for class certification. (Joint
8 Statement at 2-4 ("Plaintiffs counsel is mindful of the Court's admonition that during class
9 certification briefing the Court does not want the parties to bring non-class issues to the Court
10 (Dock. 308, dated June 12, 2012), these Attribute and D-710 reports, as described by Defendants'
11 witness Mr. Finley, contain information highly relevant to class certification and if produced
12 immediately, will be incorporated into Plaintiff s reply brief and expert rebuttal declarations.
13 York Decl., ¶ 8. Accordingly, Plaintiff makes this motion to compel immediate production of
14 Defendants' D-710 and Attribute reports.").)  The undersigned takes this urging with a grain of
15 salt, however, given that plaintiff did not choose to move to compel such discovery until *after*
16 filing his motion for class certification. (Mot. for Class Certification, filed Aug. 27, 2012, Dkt.
17 No. 313.)

18    For the foregoing reasons, IT IS HEREBY ORDERED that:
19    Plaintiff's "Motion To Compel Further Responses To Plaintiff's Request For
20 Production Of Documents From Plaintiff's Second Amended Notice Of Videotaped Deposition
21 Of Person(s) Most Knowledgeable (July 18, 2012)" (Mot. to Compel, Dkt. No. 326) is denied
22 without prejudice.

23    IT IS SO ORDERED.

24 DATED: October 19, 2012

25 _____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26